## MAGUIRE–PENNIMAN CO. v. LOMBARD.

(Circuit Court of Appeals, First Circuit. April 18, 1912.)

### No. 952.

1. NEGLIGENCE (§ 136*)—BUILDING OPERATIONS—DEATH OF WORKMAN—BREAKING OF STAGING—JURY QUESTION.

In an action for death of a bricklayer caused by staging breaking, *held*, under the evidence, a jury question whether defendant, a general contractor, was responsible for the staging, notwithstanding an agreement with decedent's employer, a subcontractor, that he should construct it.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

2. MASTER AND SERVANT (§ 193*)—BUILDING OPERATIONS.

The rule applied that a general contractor cannot escape liability for death of a subcontractor's bricklayer caused by negligent construction of staging on the theory that decedent and the man who constructed the staging were fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 480–485; Dec. Dig. § 193.*]

3. MASTER AND SERVANT (§ 201*)—FELLOW SERVANT DOCTRINE—APPLICABILITY.

The rule applied that an employer is liable for injury caused by negligence, notwithstanding co-operating negligence of a fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. § 201.*

Concurrent negligence of master and fellow servant, see note to Maupin v. Texas & P. Ry. Co., 40 C. C. A. 236.]

In Error to the Circuit Court of the United States for the District of New Hampshire.

Action by Sadie J. Lombard against the Maguire-Penniman Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Robert L. Manning, of Manchester, N. H. (Burnham, Brown, Jones & Warren, on the brief), for plaintiff in error.

George T. Hughes, of Dover, N. H. (John H. Bartlett and Kivel & Hughes, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. [1] This suit was brought for an injury to Lombard caused by the breaking of a staging used in connection with the construction of the city hall in Rochester, N. H. The injury

resulted in Lombard's death, and suit was brought by his administratrix, with a verdict and judgment in her favor. The defendant below took out this writ of error to this court. We may as well call the plaintiff in error the Maguire Company, and defendant in error the administratrix.

The Maguire Company had a contract for the construction of the building as a whole. It employed a general superintendent by the name of Blake. The Maguire Company made a contract with one Babb for the bricklaying at a fixed price per thousand. It agreed to furnish all the material, "with all staging stock," and Babb was to "furnish one stage builder." The man who personally built the stages was Pereault.

The declaration alleged that the Maguire Company "did erect a certain staging for the purpose of building a chimney," and that it "did erect such staging in an unsuitable, improper, negligent and unsafe manner"; and, in the usual way, that Lombard was employed on the staging in bricklaying, and that, in consequence of the negligence of the Maguire Company in erecting the staging, he was injured, and subsequently died. Consequently the pleadings directly charged the Maguire Company with the construction of the stage, and the trial necessarily and properly involved that issue.

The Maguire Company pressed this writ of error mainly on the theory that, in accordance with its contract with Babb, the Maguire Company had no duty except to furnish the material to him; that Lombard was employed, not by the Maguire Company, but by Babb; and that the injury resulted from the mistake or negligence of Pereault in constructing the stage in the way in which it was constructed as the employé of Babb, and therefore the fellow servant of Lombard, for whose error or negligence the Maguire Company could not be held responsible, both because Lombard and Pereault were fellow servants and because the stage was in fact constructed by Babb, or in his behalf, and not by the Maguire Company.

The position of the court changed at various times as the case developed, and a reading of the charge would not make it absolutely clear what view the court intended the jury to take in all aspects; but the record contains the following:

"The court suggested to counsel that among other things he should submit to the jury the question as to who was actually building and responsible for the staging, and in his charge to the jury did submit to them that question, and the defendant duly and seasonably excepted to the submission to the jury by the court of the question as to who was actually building the staging on the ground that it clearly appeared from all the evidence that Babb, and not the defendant, built the staging which fell."

Of course, we are governed by what thus appears in the record; and we could not have taken any other view of the case, because, on the pleadings, the court necessarily submitted the issue to the jury on the question who actually built the staging. Further, we cannot sustain the exception referred to in what we have quoted from the record, because, without going into the details at large, it is certain that the evidence conflicted to such an extent that neither the trial court nor we could take from the jury the issue as to who was actu-

ally building the staging, and so was responsible for it. Not only did Pereault testify that he was hired by Blake, but, also, it is apparent that, notwithstanding the original contract with Babb, it became convenient for the Maguire Company as general contractor to construct all the staging used about the building. It often happens that contracts with reference to dealings of this character are overlaid as the work goes along, and the positions of the parties as to details shift as a matter of convenience. At any rate, such a shifting of relations here was not inconsistent with the possibilities of the case; and the testimony in reference thereto was not so apparently in favor of the Maguire Company as to take that issue from the jury. Therefore our conclusion is that the real issue throughout the case was that presented by the declaration that the charge to the jury was on that issue, and that the evidence was at least so uncertain that the determination was for the jury.

[2] Nevertheless, in order that we may not be charged with leaving the case on narrow grounds, we will state briefly the position of the Maguire Company in reference thereto. It was to the effect that the relations as fixed by the contract with Babb never changed; that the staging was built by Babb; that all the Maguire Company did was to furnish material for the staging, and, admitting that part of the material was unsuitable—that is to say, that fir was furnished for the longitudinal pieces when spruce should have been—yet that the Maguire Company furnished with the fir sufficient supports to have rendered the use of the fir easily made reliable; that Pereault, who was the stage builder, was in building the stage the employé of Babb; that in the matter of constructing the stage both Pereault and Lombard were fellow servants, so that in no event could the Maguire Company be held responsible for any error of judgment or negligence on the part of Pereault in not properly selecting the material, including supports.

It is to be noted in this connection that it cannot be denied by the Maguire Company that it was in fault in furnishing fir, instead of spruce. Of course, under the circumstances, Lombard was not so far a stranger to the Maguire Company that the Maguire Company could not be called on to answer to him for furnishing unsuitable material; and no defense of that nature is attempted. The only defense is what we have stated, namely, that Lombard and Pereault were fellow servants, and that Babb was not responsible for the negligence of Lombard's fellow servant, much less the Maguire Company. There are two faults in the logic here:

First. On the theory of the Maguire Company, Lombard and Pereault were not fellow servants in the employment of the Maguire Company so far as constructing the staging was concerned; so that the doctrine of fellow servants in no way illuminates the case. What is more important is:

[3] Second. That, notwithstanding the negligence of a fellow servant, the rule is settled beyond all question that the negligence of an employer co-operating with the negligence of a fellow servant still leaves the employer liable for the injurious result, whatever it may

be. Here the rules of co-operating negligence apply to the extent that the person injured may proceed against either negligent party. Even, therefore, on its own hypothesis, the Maguire Company could not be relieved from liability. In other words, it could not rely on negligence on the part of Pereault to excuse its own negligence, and to relieve it from the consequences thereof. It had no right to rely on the skill·or diligence of the employé of an independent person to guard and protect it against the results of its own fault. Therefore, in every aspect, the conclusions of the trial court were correct.

The judgment of the Circuit Court is affirmed, with interest; and the costs of appeal are awarded to the defendant in error.